# Exhibit D

-

# McBride Affidavit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GUSTITUS, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PATRICK J. CANAVAN, ET AL. )<br>)<br>Defendants. )<br>) | Case No. _____ |

**AFFIDAVIT OF ANDREW J. McBRIDE**

I, ANDREW J. McBRIDE, make oath and say as follows:

1. I am over 21 years of age and reside at 4721 Ellicott Street, N.W., Washington, D.C. 20016.

2. On or before March 4, 2006, I placed a sign in my front yard reading "Save AU Park, No Split Lots." The sign is made of black paint on unpainted plywood and is 2' high and 4' wide. A true and accurate photograph of the sign is appended hereto as Attachment 1. The sign is also shown on page 3 of the Washington Post Metro Section dated, April 4th, 2006.

3. The sign is intended to voice my protest and raise neighborhood awareness of the recent zoning decision regarding, and pending subdivided development of, the neighboring property at 4717 Ellicott Street, N.W., Washington, D.C. 20016. Both my property at 4721 Ellicott Street, N.W. and the neighboring property at 4717 Ellicott Street, N.W. are zoned R-1-B, which, under the current regulations, requires lots that are 50' wide.

4. A zoning administrator's December 17, 2005 decision allows the property at 4717 Ellicott Street, N.W., originally planned as three 20' wide lots but developed with one single-family home, to be divided into two complementary "flag" lots, one with the existing house and

the second with plans to be developed with a second house closer to the alley. This decision is a cause of great concern to myself and other neighborhood residents because many of us chose to live in this neighborhood because of the spacious yards and the distance between houses and we feel that this decision would greatly impact the aesthetics and spaciousness of the neighborhood.

5. I believe that the zoning administrator's decision is incorrect. My sign is intended to raise awareness in the neighborhood about the zoning board's decision, and to alert potential buyers that at least some in the community will fight the development of the parcel through the judicial process.

6. On March 4, 2006, my wife, Virginia A. McBride, and I received a "Notice of Violation and Notice to Abate" from the Department of Consumer and Regulatory Affairs of the District of Columbia. It was signed by Olgie Antoine, inspector, and it said that our property had been inspected on February 23, 2006 at 12:15 P.M. and that it was determined that our sign required a permit pursuant to DCMR 12, Section 105.1.8. It said we had 15 days to get the permit or we could be subject to a $2,000 fine. A true and accurate copy of the notice and my letter in response are attached to this Affidavit.

7. All of my neighbors living on the 4700 block of Ellicott Street who had signs also received similar Notices. In response to this Notice, several neighbors visited the offices of the Department of Consumer and Regulatory Affairs at 941 North Capitol Street, N.E., and unsuccessfully attempted, in good faith, to obtain permits for their respective signs.

8. Given the unsuccessful attempt of my neighbor, Lynne R. Parenti, to obtain a permit at the Department of Consumer and Regulatory Affairs, on or about March 16th, 2006, I wrote a letter to the Office of Administrative Hearings at 941 North Capitol Street, N.E., Suite 9100, Washington, D.C. 20002 contesting the inspector's finding on the basis that he applied the

wrong regulation and that the regulation violated my First Amendment Rights. The letter also requested a hearing regarding the Notice of Violation in accordance with the procedures described in the "Failure to Correct Violations" notice that accompanied the Notice of Violation. True and accurate copies of the Notice of Violation and my response are appended hereto as Attachments 2 and 3

9. I also sent an abbreviated version of this letter to Mayor Anthony William's Hot Line, on March 14th 2006. I received an automated response from the Department of Consumer and Regulatory Affairs (customerservice.dcra@dc.gov), stating that I would be contacted by Lennox Douglas, Acting Administrator for Building and Land Regulation Administration, on or before March 24th, 2006. I have received no such response.

10. Since my sign has been on my lawn, dozens of people walking by on the street have stopped to read the sign and inquired about it. All of them have expressed their support for my protest and their opposition to the zoning decision and the pending development.

11. The sign remains in my yard.

12. I fear both civil fines and criminal prosecution for the exercise of my free speech rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24 day of April, 2006.

Andrew J. McBride
4721 Ellicott Street, N.W.
Washington, D.C. 20016

3

# McBride Affidavit

# Attachment 1

# -

# Picture



# McBride Affidavit

# Attachment 2

# -

# Notice of Violation

# DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
## BUILDING AND LAND REGULATIONS ADMINISTRATION

941 North Capitol Street, NE – Suite 2000 – Washington, DC 20002 – 202-442-4460

## NOTICE OF VIOLATION AND NOTICE TO ABATE

| | | | |
|---|---|---|---|
| ADDRESS OF VIOLATION LOT/SQUARE | 4721 ELLICOTT STREET NW | RAPIDS CONTROL NO. | |
| BUSINESS NAME | | TYPE OF INSPECTION | |
| OWNERS NAME AND ADDRESS | ANDREW J. MCBRIDE<br>4721 ELLICOTT STREET NW<br>WASHINGTON DC 20016 | [X] | CONSTRUCTION |
| DATE INSPECTION | 2/23/06 | TIME OF INSPECTION 12:15 PM | [ ] ELECTRICAL<br>[ ] FIRE PROTECTION<br>[ ] PLUMBING<br>[ ] OTHER  ILLEGAL CONSTRUCTION |

An inspection of the [X] Construction  [ ] Electrical  [ ] Fire Protect  [ ] Plumbing  [ ] Other

featured at the above address was performed on the above date. The inspection revealed the violation(s) cited hereafter. The owner is required to abate the violation(s) by taking the corrective action(s) specified below:

| CODE SECTION | VIOLATION | REQUIRED CORRECTIVE ACTION |
|---|---|---|
| DCMR12 SECTION 105.1.8 | SIGN PERMITS: A SIGN PERMIT IS REQUIRED TO INSTALL OR ALTER A SIGN OR OTHER ADVERTISING DEVICES. | OBTAIN PERMIT FOR SIGN ON PROPERTY |
| | | |
| | | |
| | | |

THE CITED VIOLATION (S) MUST BE ABATED AS ORDERED WITHIN [] __HOURS [X] __15__ DAYS FROM RECEIPT OF THIS NOTICE. FAILURE TO COMPLY WILL RESULT IN THIS NOTICE BEING FORWARDED TO ENFORCEMENT FOR ACTION. SUBJECT TO A $2,000 FINE

| | | |
|---|---|---|
| NAME OF PERSON NOTIFIED (Please Print) | | DATE OF RECEIPT OF NOTICE |
| SIGNATURE OF PERSON RECEIVING NOTICE | | POSITION |
| | | TELEPHONE |
| INSPECTOR (PRINT) | OLGIE ANTOINE | INSPECTORS TELEPHONE  202-442-4606OR 202-442-9557 |
| INSPECTORS BADGE #  563 | DATE OF NOTICE  2/24/06 | |

*TO REPORT WASTE, FRAUD OR ABUSE BY ANY D.C. GOVERNMENT OFFICE OR OFFICIAL, CALL THE INSPECTOR GENERAL AT 1-800-521-1639*
*ALL CALLS ARE CONFIDENTIAL.*

# McBride Affidavit

# Attachment 3

# -

# Request for Hearing

Department of Consumer and Regulatory Affairs
Building and Land Regulations Administration
941 North Capitol Street, NW
Suite 2000
Washington, DC 20002

March 15, 2006

4721 Ellicott Street, NW
Washington, DC 20016

Dear Sir/Madame,

On March 4, 2006, I received a Notice of Violation and Notice to Abate (NOV) from your department regarding a sign I have placed on my property. This sign protests continued development and in fill construction in American University Park and is intended to protest unwanted development in our neighborhood. This sign is posted on private property and poses no safety or other risk to passers-by. I hereby deny this violation.

The city's regulations do not (and, as discussed in more detail below, cannot) apply to political speech conducted on private property. First, DCMR 105.1 of the relevant regulations, which triggers the permit obligation under 105.1.8 only applies to "construction projects." The posting of a sign on private property is not a "construction project." We have not built or added on to any structure. Second, the language of section 101.8 applies only to a "sign or *other* advertising device." The language of the regulation only addresses advertising and is obviously intended to apply to contractors and other builders that are making the improvements, not political protest. Even a brief examination of the permit application form (attached) confirms this.

Reading the regulation any other way is a blatant violation of my First Amendment right to free speech. In *City of Ladue v. Gilleo*, 512 U.S. 43 (1994) (also attached) the Supreme Court held that a city ordinance requiring homeowners to obtain a permit before erecting signs on their property violated the First Amendment because it unduly burdened the citizen's right to free speech. It also noted that signs on residential property enjoy a special level of First Amendment protection. *See id.* at 57-58.

This regulation burdens my free speech rights far more than the regulation at issue in *Ladue*. For example, that statute had exceptions; this regulation has none. The regulations also grant the code official a "right of entry" and to inspect before a permit can be granted. (104.1, 104.6). The regulations also grant the code official standardless discretion over whether the sign complies with the permit. *Ladue* (and other cases) flatly prohibit this kind of government burden on protected First Amendment activity. The way your office is reading them, the regulations would nonetheless apply even if I wanted to put up a "Vote for Mayor Williams" sign on my lawn.

In addition, I also note that the city has practically (as well as legally) burdened the exercise of First Amendment rights by my neighbors. Several of them have received similar NOVs. One attempted to obtain a permit yesterday, but was unable to do so. After two hours, she left your office after discussions with three different branches who gave her a total of three different answers to the question of whether a permit was required for a sign at a private residence. They required her to order a new full size plat for $30, rather than using the standard (8.5 x 11 in.) plat drawing that most homeowners have in their possession. She was also asked to produce photographs of the sign, even though the City Inspector (Badge # 563) already has such photos in his possession. She must then file for a permit, not knowing if it is actually required, at an additional cost of $25. All so she can exercise her First Amendment Right to Free Speech. You should be aware that the neighbors are well within their rights to sue the city under 42 U.S.C. 1983 to enjoin enforcement of this regulation, and to collect damages and attorneys fees from the city and, in applicable cases, responsible officials in their *personal* capacity.

I find the action of your office to be deplorable, persecuting private citizens for exercising their rights, while supporting the business interests of developers who do not even live in the District of Columbia. If this answer is insufficient to dismiss the NOV, I request a hearing to show cause as to why I should not be required to correct this "condition."

Sincerely,

Andrew McBride

CC:

| | |
|---|---|
| Mayor Anthony Williams | Councilmember Kathleen Patterson |
| City Council Chair Linda Cropp | Councilmember Vincent Orange |
| Delegate Eleanor Holmes-Norton | Michael Brown, Mayoral Candidate |
| Councilmember Adrian Fenty | Marie Johns, Mayoral Candidate |