UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GUSTITUS, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 1:06CV814 (RCL) |
| ANTHONY WILLIAMS, et. al., | : |
| Defendants. | : |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

**Preliminary Statement**

Plaintiff's motion for a preliminary injunction prohibiting the District of Columbia Department of Consumer and Regulatory Affairs from enforcing Title 12 D.C.M.R. §§ 3107.3, 3107.6.6.3, 3107.9.5.1, 3107.6.7 and Title 24 D.C.M.R § 108, against plaintiffs should be denied because the relief sought has already been achieved – there is no live controversy - and their case is moot.  Accordingly, this Court lacks jurisdiction.

**Statement of the Case**

Plaintiffs seek injunctive and declaratory relief prohibiting the Department of Consumer and Regulatory Affairs ("DCRA") from enforcing certain municipal regulations: Title 12 D.C.M.R. §§ 3107.3, 3107.6.6.3, 3107.9.5.1, 3107.6.7 and Title 24 D.C.M.R § 108.  They claim that the regulations as written violate their First Amendment rights to freedom of expression (Complaint at 2). Ostensibly, on or about December 17, 2005, the Zoning Administration made a decision allowing the subdivision of 4717

Ellicot Street, which is located in plaintiffs' neighborhood, otherwise known as American University Park.  Plaintiffs Gustitus, McBride, Parenti and Ramoy, sometime after the decision was made, but before March 4, 2006, they posted signs on their property protesting the DCRA decision because they believed that the planned subdivision would adversely impact their property's value. (Complaint at 1-5).

On March 4, 2006, plaintiffs Gustitus, McBride, and Ramoy received notices by a DCRA inspector (all notices are dated February 24, 2006) that they posted their signs in violation of Title 24 D.C.M.R § 108 because they did not have a permit.  They were further informed that they needed to remove the signs or obtain a permit within 15 days or they could be subject to enforcement proceedings and possibly a $2,000 fine (Complaint at 7).  Plaintiffs allege that their efforts to apply for a permit during the 15 day grace period were unavailing.[1]

As discussed below, the notices stating that plaintiffs needed permits before posting signs of ideological or expressive character were issued in error. Importantly, since the posting of the signs, plaintiffs have not been served a Notice of Infraction, were not prosecuted in any forum or fined, and on information and belief, their signs remain posted and intact.  Moreover, "the District will not seek to enforce the above-referenced provisions of the 2003 Supplement to the Building Code against any of the plaintiffs as it relates to protest signs that they may choose to display on their residential properties." (*See* Declaration of Nicholas Majett, Attached hereto as Exhibit A and Correspondence to Plaintiffs' Counsel, Attached hereto as Exhibit B). Accordingly, plaintiffs have no reason to fear civil or criminal penalties for *noncomplianc*e with the permit requirement (Complaint at 8) and their motion for injunctive relief should be denied as moot.

**Argument**

*A.  This Court lacks jurisdiction over the instant matter because there is no current case or controversy.*

Article III of the Constitution limits federal court jurisdiction to cases and controversies.  The case-or-controversy limitation serves "two complementary" purposes.  *Flast* v. *Cohen*, 392 U.S. 83, 95 (1968).  It limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government." *Id.*  An action becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell* v. *McCormack*, 395 U.S. 486, 496 (1969).  *United States Parole Commission v. Geraghty,* 445 U.S. 388, 395-396 (1980).

The gravamen of plaintiffs' motion for injunctive and declaratory relief is their fear of civil or criminal penalties because they were unable obtain permits for their signs within the 15 day grace period. (Complaint at 8).   As discussed above, the notices stating that plaintiffs needed permits before posting signs of ideological or expressive character were issued in error. Importantly, since the posting of plaintiffs' signs they have not been served a Notice of Infraction, were not prosecuted in any forum or fined, and on information and belief, their signs remain posted and intact.  Moreover, "the District will not seek to enforce the above-referenced provisions of the 2003 Supplement to the Building Code against any of the plaintiffs as it relates to protest signs that they may

---

[1]  Plaintiff Todd never posted a sign and never received any notice of a signage violation from DCRA.

choose to display on their residential properties." (*See* Declaration of Nicholas Majett, Attached hereto as Exhibit A and Correspondence to Plaintiffs' Counsel, Attached hereto as Exhibit B). Accordingly, plaintiffs have no reason to fear civil or criminal penalties for *noncomplianc*e with the permit requirement (Complaint at 8) and their motion for injunctive relief should be denied as moot. Simply put, the District has no intention of engaging in the conduct plaintiffs seek to enjoin and therefore any injunction or declaration would be merely advisory.

### *I. Plaintiffs Are Asking this Court to Provide an Advisory Opinion*

It is well established that "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' " *Preiser v. Newkirk*, 422 U.S. 395, 401, (1975) (citation omitted). "For that reason, if [] events occur while a case is pending on appeal that make[] it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed [as moot]." *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 121 L. Ed. 2d 313, 113 S. Ct. 447 (1992).

In the instant case, there is no relief the Court can render that has not already been achieved by the District's voluntary actions. Although voluntary cessation of challenged activity does not necessarily moot a case, it may when "the party urging the mootness demonstrates [as defendants have here] that (1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effect of the alleged violation." *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir.1997). Here again, defendants have acknowledged that the notices stating that plaintiffs needed permits before posting signs

- 4 -

of ideological or expressive character were issued in error. Importantly, since the posting of plaintiffs' signs they have not been served a Notice of Infraction, were not prosecuted in any forum or fined, and on information and belief, their signs remain posted and intact. Indeed, the provisions at issue were never enforced and "the District will not seek to enforce the above-referenced provisions of the 2003 Supplement to the Building Code against any of the plaintiffs as it relates to protest signs that they may choose to display on their residential properties." (See Declaration of Nicholas Majett, Attached hereto as Exhibit A and Correspondence to Plaintiffs' Counsel, Attached hereto as Exhibit B). Accordingly, plaintiffs have no reason to fear civil or criminal penalties for *noncompliance* with the permit requirement (Complaint at 8) and their motion for injunctive relief should be denied as moot. Events have transpired such that a case or controversy no longer exists between plaintiffs and the District. Plaintiffs have received the requested relief— no threat of past or future prosecution under the statutes at issue. Accordingly, the case is moot. *See Board of School Commissioners of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975).

## II.     *This case does not fall under an exception to the mootness doctrine.*

The doctrine of "capable of repetition yet evading review" is an exception to mootness for cases where the party can demonstrate that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *United States v. Weston,* 194 F.3d 145, 148 (D.C. Cir. 1999). Here, presumably, the challenged action would be DCRA's enforcement of municipal regulations at issue against plaintiffs in the future. Repetition is unlikely because DCRA

has already acknowledge that the notices to plaintiffs were sent in error – the municipal regulations at issue were never intended to prohibit signs that express views on controversial issues or that support a particular candidate, parties of causes -- and those regulations at issue will not be in enforced against plaintiffs as they relate to protest signs that they may choose to display on their residential properties.  Even *assuming arguendo* that such an action *is* capable of repetition, this case is nonetheless moot because any further dispute over this issue will not evade review.

### B. *Plaintiffs Cannot Satisfy the Test for Granting a Preliminary Injunction*

Plaintiffs' motion for a preliminary injunction prohibiting the District of Columbia Department of Consumer and Regulatory Affairs from enforcing Title 12 D.C.M.R. §§ 3107.3, 3107.6.6.3, 3107.9.5.1, 3107.6.7 and Title 24 D.C.M.R § 108, against plaintiffs fails to demonstrate that: (1) they will suffer irreparable harm in the absence of such relief; (2) the likelihood of success on the merits weighs in their favor; (3) the "balance of injuries" favors injunctive relief; and (4) the public interest will be served by granting the relief sought.  *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 259 F.2d 921, 925 (1958); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (1977); *District of Columbia v. Group Ins. Admin.,* 633 A.2d 2, 21-24 (D.C. 1993); *Barry v. Washington Post Co.,* 529 A.2d 319, 320-21 (D.C. 1987); *In re Antioch Univ.,* 418 A.2d 105, 109 (D.C. 1980); and *Wieck v. Sterenbuch*, 350 A.2d 384, 387 (D.C. 1976).

*I. Irreparable Harm*

Plaintiffs will not suffer irreparable harm for the same reasons as set forth above. If this Court declines to issue a preliminary injunction, no enforcement action will be taken against plaintiffs.

*II. Success on the Merits*

There is no case or controversy before this Court.

*III. Balance of Injuries/Public Interest*

The balance of injuries favors the District who has on its own acknowledged that the Notice of Violations were issued in error and corrected that error without need of an injunction. This Court should not presume that the peoples' government will act in error in the future.

**Conclusion**

For the foregoing reasons plaintiffs' motion for a preliminary injunction should be denied as moot.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>s/Richard S. Love
>RICHARD S. LOVE [340455]
>Chief, Equity I
>
>s/Martha J. Mullen
>MARTHA J. MULLEN [419036]
>Senior Counsel, Equity I

Office of the Attorney General
for the District of Columbia
441 Fourth Street, NW
Sixth Floor South
Washington, D.C. 20001
(202) 724-6612

**Filed: May 11, 2006**