UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GUSTITUS, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 1:06CV814 (RCL) |
| : | |
| ANTHONY WILLIAMS, et. al., : | |
| : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO**
**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Defendants argued in their initial opposition filed on May 11, 2006, that plaintiffs' motion for a preliminary injunction prohibiting the District of Columbia Department of Consumer and Regulatory Affairs from enforcing Title 12 D.C.M.R. §§ 3107.3, 3107.6.6.3, 3107.9.5.1, 3107.6.7 and Title 24 D.C.M.R § 108, against plaintiffs, should be denied because the relief sought is moot.  The relief sought *remains moot* because: (1) defendants represented to the Court and plaintiffs that the notices stating that plaintiffs needed permits before posting signs of an ideological or expressive character on their residential properties were issued in error; (2) since the posting of the signs, plaintiffs have not been served a Notice of Infraction, were not prosecuted in any forum or fined, and on information and belief, their signs remain posted and intact; (3) the tickets were rescinded and inspectors at the Department of Consumer and Regulatory Affairs ("DCRA") were admonished by the Chief Building Inspector for the City and the Deputy Director of DCRA that the regulations at issue are not applicable to signs of an ideological or expressive character posted on residential properties; (4) by representations

in court, by letter and declaration, plaintiffs have been given more than sufficient notice that enforcement of the regulations at issue will not occur. Thus, there is no need to enjoin defendants from doing that which they have clearly and unequivocally represented they will not do. In further support of that representation, as recommended by the Court, the Department of Consumer and Regulatory Affairs expeditiously promulgated emergency rulemaking that was adopted on May 31, 2006.[1]

Moreover, defendants reiterate here, that the scope of 12 D.C.M.R. §§ 3107.1 is limited to advertising and does not apply to signage of an ideological or expressive character posted on residential properties. Indeed, the regulation expressly states: "The provisions of Section 3107 shall govern the erection, hanging, placing, painting, display, and maintenance of outdoor display signs and other forms of exterior advertising." The regulations were misapplied in this instance and the District officially acknowledged that error.

For all the stated reasons and those set forth in defendants opposition filed on May 11, 2006, plaintiffs' motion for a preliminary injunction should be denied.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    s/Richard S. Love
    RICHARD S. LOVE [340455]

---

[1] Plaintiffs argue that emergency rulemaking which addresses their complaint is procedurally infirm. Defendants are reviewing plaintiffs' contentions and will respond to their filing on this issue as required by the Court's Minute Order of June 2, 2006.

Chief, Equity I

s/Martha J. Mullen
MARTHA J. MULLEN [419036]
Senior Counsel, Equity I
Office of the Attorney General
for the District of Columbia
441 Fourth Street, NW
Sixth Floor South
Washington, D.C.  20001
(202) 724-6612

**Filed:  June 9, 2006**