UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
LINDA GUSTITUS, *et. al.,*         )
                                   )
                   Plaintiffs,     )
                                   )
          v.                       ) Civil Action No. 06-814 (EGS)
                                   )
                                   )
ANTHONY WILLIAMS, *et. al.,*       )
                                   )
                   Defendants.     )
_____)

**O R D E R**

Pending before the Court is plaintiff's Motion for Preliminary Injunction.  Upon consideration of the motion, response and reply thereto, the parties' supplemental pleadings in response to the District of Columbia's ("the District") emergency rulemaking, and the District's representations[1] in open court on May 23, 2006, June 2, 2006, and June 27, 2006, the plaintiff's motion is **DENIED**.

The usual role of a preliminary injunction is to preserve the status quo pending the outcome of the litigation. *See*

---

[1] The District has clearly stated that the notices to plaintiffs stating that they needed permits prior to posting signs of ideological or expressive character on their residential properties were issued in error, plaintiffs will not be served a Notice of Infraction, plaintiffs will not be prosecuted or fined for posting signs on their properties, and enforcement of the municipal regulations at issue will not occur.

*District 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 168 (D.C. Cir. 1969).  Here, the Court finds that the status quo of the litigation is preserved for defendants have represented in open court and by letter and declaration that they will not enforce the regulations at issue while this case is pending.

Further, the basis for injunctive relief in federal court is irreparable harm to the moving party. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).  The moving party must demonstrate that it faces certain, actual and imminent injury that requires extraordinary equitable relief to prevent harm. *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).  The Court finds that there is no longer any threat of imminent harm to the plaintiffs warranting extraordinary emergency injunctive relief they request.

Accordingly, plaintiffs' motion for preliminary injunction is **DENIED.**

**Signed:    Emmet G. Sullivan**
            **United States District Court**
            **June 27, 2006**