**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| LINDA GUSTITUS, | ) |
|     4716 Ellicott Street, N.W. | ) |
|     Washington, D.C. 20016, | ) |
|         and | ) |
| ANDREW McBRIDE, | ) |
|     4721 Ellicott Street, N.W. | ) |
|     Washington, D.C. 20016, | ) |
|         and | ) |
| LYNNE R. PARENTI, | ) |
|     4725 Ellicott Street, N.W. | ) |
|     Washington, D.C. 20016, | ) |
|         and | ) |
| TINA S. RAMOY, | ) |
|     4725 Ellicott Street, N.W. | ) |
|     Washington, D.C. 20016, | ) |
|         and | ) |
| ANN TODD, | ) |
|     4720 Ellicott Street, N.W. | ) |
|     Washington, D.C. 20016, | ) |
|         Plaintiffs, | ) |
|         v. | ) Case No. 1:06-CV-00814 |
| ANTHONY A. WILLIAMS, | ) |
|     in his official capacity | ) |
|     as Mayor of the District of Columbia, | ) |
|     John A. Wilson Building | ) |
|     1350 Pennsylvania Avenue, N.W. | ) |
|     Sixth Floor | ) |
|     Washington, D.C. 20004 | ) |
|         and | ) |

```
PATRICK J. CANAVAN,                          )
       in his official capacity              )
       as Director of the Department of      )
       Consumer and Regulatory Affairs       )
       of the District of Columbia           )
       941 North Capitol Street, N.E.        )
       Washington, D.C. 20002                )
                                             )
              and                            )
                                             )
ROBERT J. SPAGNOLETTI,                       )
       in his official capacity              )
       as Attorney General for the           )
       District of Columbia                  )
       John A. Wilson Building               )
       1350 Pennsylvania Avenue, N.W.        )
       Sixth Floor                           )
       Washington, D.C. 20004                )
                                             )
                     Defendants.             )
_____)
```

## SECOND AMENDED COMPLAINT

Plaintiffs Linda Gustitus, Andrew McBride, Lynne R. Parenti, Tina S. Ramoy, and Ann Todd by and through their attorney, Christopher A. Mohr, respectfully allege as follows:

### INTRODUCTORY STATEMENT

1.      This is a lawsuit seeking declaratory and injunctive relief to protect Plaintiffs' First Amendment rights to freedom of expression. Plaintiffs have displayed, on the lawns and porches of their homes, reasonably-sized signs protesting the decisions of the D.C. Zoning Administrator and the actions of a real estate developer, which Plaintiffs believe will adversely impact the aesthetics of their neighborhood and their property values. The District of Columbia has threatened Plaintiffs with severe civil and criminal penalties, alleging that the signs are in violation of the building code, but the District has not brought similar charges against the owners of the numerous political and commercial signs on other yards in the neighborhood. Plaintiffs'

2

good faith efforts to obtain permits for their signs were unsuccessful, and they currently fear civil and criminal enforcement. Plaintiffs seek from this Court protection from Defendants' enforcement of these unconstitutional regulations and vindication of their First Amendment rights.

## PARTIES

2. Plaintiffs Linda Gustitus, Andrew McBride, Lynne R. Parenti, Tina S. Ramoy, and Ann Todd are all citizens of the United States and residents of the District of Columbia.

3. Defendant Dr. Patrick J. Canavan is the Director of the Department of Consumer and Regulatory Affairs of the District of Columbia. Defendant Robert J. Spagnoletti is the Attorney General for the District of Columbia. Defendant Anthony A. Williams is the Mayor of the District of Columbia. Defendants are responsible for the enforcement of the Municipal Regulations of the District of Columbia, including D.C. Mun. Regs. tit. 12, § 3107 *et seq.* and D.C. Mun. Regs. tit. 24, § 108 *et seq.*[1]

## JURISDICTION AND VENUE

4. This case arises under the First Amendment to the United States Constitution, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 2201 and 42 U.S.C. § 1983 (as amended). The Court may grant declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure ("FRCP").

5. The Court has personal jurisdiction over the Defendants.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## STANDING

7. Plaintiffs have standing to bring and maintain this action because their activities have been, and will continue to be, directly affected by 12 D.C.M.R. § 3107 and 24 D.C.M.R.

---

[1] All citations to the D.C. Municipal Regulations are hereinafter referred to by [title] D.C.M.R. [section].

3

§ 108. All of the Plaintiffs, except for Ms. Todd, has a sign relating to the development of the aforesaid parcel on their residential property. Plaintiffs plan to leave the signs on their property for the indefinite future.

  8. Ms. Todd wishes to put up a sign on her property, but fears government retaliation.

  9. The Building and Land Regulations Administration at the Department of Consumer and Regulatory Affairs of the District of Columbia has threatened to enforce 12 D.C.M.R. § 3107 and 24 D.C.M.R. § 108 against Plaintiffs. In addition, Plaintiffs' constitutional rights to freedom of expression have been chilled by these regulations.

  10. As discussed below, 12 D.C.M.R. § 3107 and 24 D.C.M.R. § 108 have caused each of the Plaintiffs concrete and particularized injuries to their freedom of expression. The chilling effect of these laws is an actual, present injury, and the threat of enforcement against Plaintiffs who violate the laws causes imminent and irreparable injury. Therefore, Plaintiffs have suffered an injury in fact, and this injury has been caused by their fear of prosecution by Defendants Canavan, Spagnoletti, and Williams for violations of 12 D.C.M.R. § 3107 and 24 D.C.M.R. § 108. These injuries can be redressed by a declaratory judgment that these regulations are unconstitutional and by preliminary and permanent injunctive relief against the civil or criminal enforcement of these regulations.

## BACKGROUND FACTS

  11. Plaintiffs are all residents of the neighborhood known as "American University Park" in the Northwest section of the District of Columbia. Linda Gustitus resides at 4716 Ellicott Street, N.W., Washington, D.C. 20016. Andrew McBride resides at 4721 Ellicott Street, N.W., Washington, D.C. 20016. Lynne R. Parenti and Tina S. Ramoy both reside at 4725

Ellicott Street, N.W., Washington, D.C. 20016. Ann Todd resides at 4720 Ellicott Street, N.W., Washington, D.C. 20016.

12. Plaintiffs chose to live in the American University Park neighborhood because the houses have spacious yards and because there is a significant amount of space between the houses. Plaintiffs believe that this spaciousness increases both the aesthetic appeal and the market value of their homes.

13. All of Plaintiffs' homes, and all of the homes in the surrounding neighborhood, including the property at 4717 Ellicott Street, N.W., Washington, D.C. 20016, are zoned "R-1-B" by the District of Columbia.

14. On or around December 17, 2005, the District of Columbia Zoning Administrator made a decision to allow the subdivision of the property at 4717 Ellicott Street, N.W., Washington, D.C. 20016 in violation of the fifty-foot lot width requirement for properties zoned "R-1-B."

15. Plaintiffs believe that the Zoning Administrator's decision was wrong.

16. Between December 2005 and March 2006, Plaintiffs and other neighborhood residents learned of the Zoning Administrator's decision to allow for the subdivision of the property at 4717 Ellicott Street, N.W. and the possible construction of two houses where one currently sits.

17. Plaintiffs believe that the Zoning Administrator's decision to allow for the subdivision of the property at 4717 Ellicott Street, N.W. and the pending development of the subdivided lots will adversely impact the aesthetic appeal of their neighborhood and the market value of their homes.

18. In an effort to raise awareness among their neighbors about the Zoning Administrator's decision and its effects on the neighborhood, on or before March 4, 2006, Plaintiffs Gustitus, McBride, Parenti, and Ramoy each constructed and posted signs on their property.

19. Plaintiff Linda Gustitus attached a sign to the railing of her front porch reading "Keep the Park in AU Park." The sign is made of black paint on unpainted plywood.

20. Plaintiff McBride placed a sign in his front yard reading "Save AU Park, No Split Lots." The sign is made of black paint on unpainted plywood and is 2' high and 4' wide.

21. Plaintiffs Parenti and Ramoy placed a sign on their front lawn reading "Save AU Park, No McMansions." The sign is made of black paint on unpainted plywood and is 2' high and 4' wide.

22. Other neighborhood residents have also placed similar signs on their property.

23. Plaintiff Todd has a sign on her property indicating her support for a mayoral candidate in the upcoming city elections.

24. On March 4, 2006, Plaintiffs Gustitus, McBride, and Ramoy each received a "Notice of Violation and Notice to Abate" ("Notice") from the Building and Land Regulations Administration at the Department of Consumer and Regulatory Affairs of the District of Columbia.

25. All of the Notices indicated that each of Plaintiffs' properties was inspected at 12:15 pm on February 23, 2006.

26. All of the Notices indicated that Plaintiffs were in violation of Title 12, Section 105.1.8 of the D.C. Municipal Regulations.

27. All of the Notices state Plaintiffs' violation as follows: "SIGN PERMITS: A SIGN PERMIT IS REQUIRED TO INSTALL OR ALTER A SIGN OR OTHER ADVERTISING DEVICES."

28. All of the Notices state that the "REQUIRED CORRECTIVE ACTION" that must be taken by Plaintiffs is to "OBTAIN A PERMIT FOR SIGN ON PROPERTY."

29. All of the Notices state the time for compliance and the potential penalties as follows: "THE CITED VIOLATION(S) MUST BE ABATED AS ORDERED WITHIN . . . 15 DAYS FROM RECEIPT OF THIS NOTICE. FAILURE TO COMPLY WILL RESULT IN THIS NOTICE BEING FORWARDED TO ENFORCEMENT FOR ACTION. **SUBJECT TO A $2,000 FINE**."

30. All of the notices indicate that the inspector was Olgie Antoine, and all of the notices are dated February 24, 2006.

31. All of the Notices were accompanied by a "FAILURE TO CORRECT VIOLATIONS" document, which indicates that the Department of Consumer and Regulatory Affairs of the District of Columbia "will conduct a re-inspection of the property on or around the time and/or date you are required to complete the corrections." The document further specifies potential penalties for failure to correct or abate the violation, including the costs of repair and "criminal prosecution and punishment for having caused or allowed such unlawful condition to arise or for having failed or refused to correct the same."

32. In response to the Notices, Plaintiffs Gustitus, Parenti, and Ramoy tried, repeatedly and unsuccessfully, to obtain permits for their signs from the Department of Consumer and Regulatory Affairs of the District of Columbia.

33. 12 D.C.M.R. § 3107.9.1 allows for the issuance of permits for signs in residential districts.

34. After being cited by the Building and Land Regulations Administration at the Department of Consumer and Regulatory Affairs of the District of Columbia, Plaintiff Gustitus wrote a letter to the Office of Administrative Hearings requesting a hearing on the Notice and the denial of her permit request.

35. The time for compliance indicated in the Notice has passed and, because she was unable to acquire a permit for her sign, Plaintiff Gustitus fears civil and criminal penalties for noncompliance.

36. On March 17, 2006, Plaintiff Parenti and Plaintiff Ramoy wrote a letter to the Office of Administrative Hearings requesting a hearing on the Notice and the denial of their permit request.

37. The time for compliance indicated in the Notice has passed and, because they were unable to acquire a permit for their sign, Plaintiffs Parenti and Ramoy fear civil and criminal penalties for noncompliance.

38. On or about March 16, 2006, after speaking with Plaintiffs Parenti and Ramoy and learning of their inability to receive a permit for their sign, Plaintiff McBride wrote a letter to the Office of Administrative Hearings requesting a hearing on the Notice.

39. The time for compliance indicated in the Notice has passed and, because he was unable to acquire a permit for his sign, Plaintiff McBride fears civil and criminal penalties for noncompliance.

40.     In March 2006, Plaintiff Todd was in the process of making a sign similar to her neighbors' when she learned that the District had issued citations against some of her neighbors for their signs.

41.     Because of the penalties threatened against her neighbors, Plaintiff Todd stopped making her sign, because she was frightened by the District's actions against her neighbors who were expressing their views with respect to of the city's zoning decision.

42.     Plaintiff Todd would still like to erect her own sign, but has not done so out of fear of civil and criminal penalties.

43.     The District of Columbia outsourced the drafting of its Building Code – including the provisions regulation speech of District residents in their homes – to the International Code Counsel, a private, nongovernmental organization. See 51 D.C. Reg. 292 (Jan. 9, 2004); 50 D.C. Reg. 6454 (Aug. 8, 2003).

44.     All plaintiffs intend to put up signs in the future.

45.     On May 30th, the District government adopted an emergency rulemaking purporting to limit the applicability of the District's signage regulations in 12 D.C.M.R. 3107 to "commercial" speech.

46.     All of the plaintiffs fear civil and criminal liability for placing signs on their lawns now and in the future.

**COUNT NO. 1:
FOR A DECLARATION THAT 12 D.C.M.R. § 3107 AND
24 D.C.M.R. § 108 VIOLATE THE FIRST AMENDMENT ON THEIR FACE**

47.     Plaintiffs reallege Paragraphs 1 through 46.

48.     Defendants Dr. Patrick J. Canavan, Robert J. Spagnoletti, and Anthony A. Williams are government officials of the District of Columbia and therefore subject to the First

Amendment to the United States Constitution; they are subject to suit for alleged violation of Plaintiffs' First Amendment rights by virtue of 42 U.S.C. § 1983 (as amended) and D.C. Code § 1-201.02 *et seq.*

49. Under the First Amendment to the United States Constitution, Defendants, in their official capacity as officials of the District of Columbia, may not abridge, directly or indirectly, the freedom of expression of members of the public such as Plaintiffs Linda Gustitus, Andrew McBride, Lynne R. Parenti, Tina S. Ramoy, and Ann Todd. 12 D.C.M.R. § 3107 and 24 D.C.M.R. § 108 abridge Plaintiffs' freedom of expression by threatening civil and criminal penalties for their placement of constitutionally protected signs on their property.

50. 12 D.C.M.R. § 3107, both before and after the emergency rulemaking, 24 D.C.M.R. § 108 are content-based restrictions on speech.

51. The availability of a permit under 12 D.C.M.R. § 3107 is subject to the standardless discretion of the Department of Consumer and Regulatory Affairs of the District of Columbia.

52. Section 3701.1, as amended by the emergency rulemaking, is vague and content discriminatory.

53. Defendants' conduct is actionable under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (as amended).

54. As a result of Defendants' violations of the First Amendment to the United States Constitution, Plaintiffs have suffered and continue to suffer injury.

55. An actual controversy has arisen and now exists between Plaintiffs and Defendants. Pursuant to 42 U.S.C. § 1983 (as amended) and 28 U.S.C. §§ 2201 and 2202, Plaintiffs are entitled to a declaration of their rights and injunctive relief preventing the District

of Columbia from any civil or criminal penalties for the display of signs, or in any other manner preventing them from displaying signs on their own property.

**COUNT NO. 2:**
**FOR A DECLARATION THAT DEFENDANTS' APPLICATION OF**
**12 D.C.M.R. § 3107 AND 24 D.C.M.R. § 108 VIOLATES THE FIRST AMENDMENT**

56. Plaintiffs reallege Paragraphs 1 through 46.

57. Defendants Dr. Patrick J. Canavan, Robert J. Spagnoletti, and Anthony A. Williams are government officials of the District of Columbia and therefore subject to the First Amendment to the United States Constitution; they are subject to suit for alleged violation of Plaintiffs' First Amendment rights by virtue of 42 U.S.C. § 1983 (as amended) and D.C. Code § 1-201.02 *et seq.*

58. Under the First Amendment to the United States Constitution, Defendants, in their official capacity as officials of the District of Columbia, may not abridge, directly or indirectly, the freedom of expression of members of the public such as Plaintiffs Linda Gustitus, Andrew McBride, Lynne R. Parenti, Tina S. Ramoy, and Ann Todd. By enforcing or threatening to enforce 12 D.C.M.R. § 3107, either before or after May 30th, and 24 D.C.M.R. § 108, and threatening severe penalties for Plaintiffs display of their signs on their residential property, Defendants have prevented Plaintiffs from exercising their rights to freedom of expression, and thereby violated Plaintiffs' First Amendment rights.

59. Defendants' conduct is actionable under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (as amended).

60. As a result of Defendants' violations of the First Amendment to the United States Constitution, Plaintiffs have suffered and continue to suffer injury.

61. An actual controversy has arisen and now exists between Plaintiffs and Defendants. Pursuant to 42 U.S.C. § 1983 (as amended) and 28 U.S.C. §§ 2201 and 2202, Plaintiffs are entitled to a declaration of their rights and injunctive relief preventing the District of Columbia from any civil or criminal penalties for the display of their signs, or in any other manner preventing them from displaying their signs.

## COUNT NO. 3:
## FOR A DECLARATION THAT THE DISTRICT'S SIGN REGULATIONS DENY PLAINTIFFS THEIR DUE PROCESS RIGHTS

62. Plaintiffs reallege paragraphs 1 to 43.

63. Defendants are government officials of the District of Columbia and are subject to Due process Clause of the Fifth Amendment (*Bolling v. Sharpe*, 347 U.S. 497 (1954)) and are amenable to suit for violation of Plaintiffs' rights to due process of the laws by virtue of 42 U.S.C. § 1983 (as amended) and D.C. Code § 1-102 *et seq*.

64. Under the Due Process Clause of the Fifth Amendment of the U.S. Constitution, (see *Bolling v. Sharpe*, 347 U.S. 497 (1954)) the District of Columbia may not discriminate against signage based on the message expressed in such signs or the identity of the speaker.

65. Defendants' conduct is actionable under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (as amended).

66. As a result of Defendants' violation of the Due Process Clause of the Fifth Amendment, Plaintiffs have suffered and continue to suffer injury.

67. An actual controversy has arisen and now exists between Plaintiffs and Defendants. Pursuant to 42 U.S.C. 1983 (as amended) and 28 U.S.C. §§ 2201 and 2202, Plaintiffs are entitled to a declaration of their rights and injunctive relief preventing the District

of Columbia from enforcing any civil or criminal penalties for the display of their signs, or in any other manner preventing them from displaying their signs.

### COUNT 4: VIOLATION OF THE DCAPA

68.     Plaintiffs reallege paragraphs 1 through 46.

69.     Section 6-1409 of the D.C. Code requires council review of amendments to all sections of the Building Code except 3107.18.

70.     The emergency rulemaking that amended provisions of the Building Code other than 12 D.C.M.R. 3107.18 lacked Council review, and was in excess of DCRA's statutory jurisdiction, authority, and/or without observance of procedure required by law, in violation of D.C. Code § 2-510.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Linda Gustitus, Andrew McBride, Lynne R. Parenti, Tina S. Ramoy, and Ann Todd respectfully request that the Court:

a.     Issue a Declaratory Judgment declaring the rights and responsibilities of the parties to this action, and particularly declaring that 12 D.C.M.R. § 3107 *et seq.* are either unconstitutional on their face and violate Plaintiffs' rights under the First Amendment, or that Defendants' application of those regulations to prevent Plaintiffs' display of their signs is unconstitutional and violates Plaintiffs' rights under the First and Fifth Amendments;

b.     Preliminarily and permanently enjoin the District of Columbia and the D.C. Department of Consumer and Regulatory Affairs from imposing any civil or criminal penalties under 12 D.C.M.R. § 3107 and 24 D.C.M.R. § 108 based on their placing signs on their residential property;

      c.      Award Plaintiffs their reasonable attorney's fees and costs under 42 U.S.C. § 1988; and

      d.      Grant to Plaintiffs such other, further, and different relief as may be just and proper.

                                          Respectfully submitted,

Dated: Wednesday, May 10, 2006        By: _____/s/_____

                                          Christopher A Mohr
                                          D.C. Bar No.458599
                                          MEYER, KLIPPER & MOHR, PLLC
                                          923 Fifteenth Street, N.W.
                                          Washington, D.C.  20005
                                          Tel.:  202-637-0850
                                          Fax.:  202-637-0851

                                          COUNSEL FOR PLAINTIFFS