UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GUSTITUS, *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 1:06-CV-00814 |
| : | |
| v. : | |
| : | |
| ANTHONY WILLIAMS, *et al.*, : | |
| : | |
| Defendants. : | |

**DEFENDANTS' DISTRICT OF COLUMBIA, *ET AL.*, ANSWER
TO THE SECOND AMENDED COMPLAINT**

Defendant responds to the allegations of the Second Amended Complaint, with particularity and in like-numbered paragraphs as follows:

**INTRODUCTORY STATEMENT**

1. Defendants admit that the Plaintiffs' efforts to obtain a permit were unsuccessful. The remaining allegations in this paragraph are commentary, conclusions of law, and Plaintiffs' additional prayer for relief to which no answer is required. If an answer be required, the same are denied.

**PARTIES**

2. This paragraph identifies the parties for which no answer is required.

3. Defendants admit the first three sentences of this paragraph. The remaining allegations in this paragraph are conclusions of law to which no answer is required. If an answer be required, the same are denied.

**JURISDICTION AND VENUE**

4. Defendants acknowledge the existence of 28 U.S.C. §1331, 1337 and 2201 and 42 U.S.C.§1983 (as amended), but deny that jurisdiction is necessarily conveyed

thereby. The remaining allegations in this paragraph are conclusions of law to which no answer is required. If an answer be required, the same are denied.

5. Admitted.

6. Defendants acknowledge the existence of 28 U.S.C. § 1391, but deny that venue is necessarily conveyed thereby.

## STANDING

7. Denied.

8. Defendants do not have sufficient information to admit or deny the truth of this allegation, and therefore deny same. By way of further answer, defendants state that as to the signage being litigated in this matter, Plaintiff Todd's fear is unfounded as evidenced by this Court's denial of Plaintiffs' Motion for a Preliminary Injunction.

9. Denied. Defendants rescinded the tickets prior to Plaintiffs' filing this amended complaint. Defendants have not enforced the referenced regulations against Plaintiffs. Defendants have submitted declarations representing that they will not do so in the future.

10. Denied. By way of further answer, Defendants state that Plaintiffs' prayer for a preliminary injunction has already been denied by this Court and is not properly asserted here.

## BACKGROUND FACTS

11. This paragraph identifies the parties for which no answer is required.

12. The allegations in this paragraph are commentary and opinion to which no answer is required. If an answer be required, the same are denied.

13. Admitted.

14. Defendants admit that the Zoning Administrator made a ruling on or about the date alleged but deny all other allegations in this paragraph.

15 - 18.  The allegations in these paragraphs are commentary and opinion to which no answer is required. If an answer be required, the same are denied.

19 - 21.  Admitted.

22.  Defendants do not have sufficient information to admit or deny the truth of this allegation, and therefore deny same.

23 - 31.  Admitted.

32.  The Defendants admit that the Plaintiffs named in this paragraph were not successful in obtaining permits for their signs.  The rest of the allegations in this paragraph are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

33 - 34.  Admitted.

35.  Defendants do not have sufficient information to admit or deny the truth of this allegation, and therefore deny same.  By way of further answer, defendants state that as to the signage being litigated in this matter, Plaintiffs' fear is unfounded as evidenced by this Court's denial of Plaintiffs' Motion for a Preliminary Injunction.

36.  Admitted.

37.  Defendants do not have sufficient information to admit or deny the truth of this allegation, and therefore deny same.  By way of further answer, defendants state that as to the signage being litigated in this matter, Plaintiffs' fear is unfounded as evidenced by this Court's denial of Plaintiffs' Motion for a Preliminary Injunction.
Admitted.

38. Defendants admit that Plaintiff McBride requested a hearing. The rest of the allegations in this paragraph are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

39 – 42. Defendants do not have sufficient information to admit or deny the truth of this allegation, and therefore deny same. By way of further answer, defendants state that as to the signage being litigated in this matter, Plaintiffs' fear is unfounded as evidenced by this Court's denial of Plaintiffs' Motion for a Preliminary Injunction.

43 – 44. Defendants do not have sufficient information to admit or deny the truth of these allegations, and therefore deny same.

45. Defendants admit that they adopted emergency rulemaking on May 30, 2006, which was intended to clarify the District's signage regulations in 12 D.C.M.R. § 3107. All other allegations are denied.

46. Defendants do not have sufficient information to admit or deny the truth of this allegation, and therefore deny same. By way of further answer, defendants state that as to the signage being litigated in this matter, Plaintiffs' fear is unfounded as evidenced by this Court's denial of Plaintiffs' Motion for a Preliminary Injunction.

COUNT NO. 1:

FOR A DECLARATION THAT 12 D.C..M.R. § 3107 AND
<u>24 D.C.M.R. § 108 VIOLATE THE FIRST AMENDMENT ON THEIR FACE</u>

47. Defendant adopts and incorporates the answers to every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48. The allegations in this paragraph are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

49. The Defendants deny that 12 D.C.R.M. § 3107 and 24 D.C.R.M. § 108 abridge the Plaintiffs' freedom of expression. The rest of the allegations in this paragraph are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

50 – 55. The allegations in these paragraph are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

## COUNT NO. 2
## FOR A DECLARATION THAT DEFENDANTS' APPLICATION OF 12 D.C.M.R. § 3107 AND 24 D.C.M.R. § 108 VIOLATES THE FIRST AMENDMENT

56. Defendant adopts and incorporates the answers to every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

57 – 61. The allegations in these paragraphs are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied

## COUNT NO. 3  FOR A DECLARATION THAT THE DISTRICT'S SIGN REGULATIONS DENY  PLAINTIFFS THEIR DUE PROCESS RIGHTS

62. Defendant adopts and incorporates the answers to every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

63 – 67. The allegations in these paragraphs are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

## COUNT 4: VIOLATION OF THE DCAPA

68. Defendant adopts and incorporates the answers to every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

69 – 70. The allegations in these paragraphs are conclusions of law and/or the pleader to which no answer is required. If answer be required, the same are denied.

## PRAYER FOR RELIEF

a –d . Declaratory and injunctive relief against the Defendants is not warranted. The remaining allegations in these paragraphs are commentary, conclusions of law, and Plaintiffs' additional prayer for relief to which no answer is required. If an answer be required, the same are denied.

Further answering the Second Amended Complaint, Defendants deny all allegations not specifically admitted or otherwise answered herein.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to challenge the emergency rulemaking procedures.

### THIRD DEFENSE

The regulations at issue are neutral non-content based restrictions.

### FOURTH DEFENSE

Plaintiffs' request for preliminary injunctive relief is moot as this Court has already denied plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia
GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

s/Richard S. Love
RICHARD S. LOVE [340455]
Chief, Equity I

s/Martha J. Mullen
MARTHA J. MULLEN [419036]
Senior Counsel, Equity I
Office of the Attorney General
for the District of Columbia

441 Fourth Street, NW
Sixth Floor South
Washington, D.C. 20001
(202) 724-6612

Filed: July 17, 2006