# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA GUSTITUS, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  1:06-cv-00814-EGS-AK |
| ANTHONY WILLIAMS, ET AL. | ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' STATEMENT PURSUANT TO LOCAL RULE 16.3

The parties have previously conferred on the matters required by Local Rule 16.3(c) (*see* Joint Statement Pursuant to Local Rule 16.3, Sept. 22, 2006), and they conferred at the end of the day on December 11, 2006.  As they did not have time to go back and forth on a joint statement (due to the fact that the neighbors' counsel had diaper duty and had to leave early), they agreed to file separate statements, as the Court suggested.  See Tr. at 13, Sept. 28, 2006 (giving the parties its permission to file "individual pleadings with [their] recommendations for further proceedings").

Via email and on the phone, defendants' counsel represented that the D.C. government is going to publish the exact amendments that appeared in the District's prior emergency rulemaking would be submitted to the Council after a notice and comment

period, and that the regulations were "content-neutral."  Defendants' counsel represented

that the emergency rulemaking would be renewed on December 22, 2006.

After seven months, literally nothing has happened since the first emergency

rulemaking earlier in the summer.    At the outset of this litigation, defendants

represented to this Court that "the City is planning to rewrite the statutes. . . . We hope to

do it in three months" (Tr. at 4-5, May 23, 2006.).  On September 28th, Defendants

previously alleged that they are "working on a comprehensive amendment to the statute"

(Tr. at 4, Sept. 28, 2006), and that a comprehensive amendment was forthcoming.  (See

Tr. at 6, Sept. 28, 2006  "the rule making [e.g., comprehensive amendment] will be

published as proposed in early to mid November").  At the last status conference, the

Court gave the city more time than it requested so that it could draft regulations rather

than briefs.  Now, three (illegal) emergency rulemakings later, Defendants are asserting

that they intend to move forward with the very same language that has been drafted since

May 30, 2006 into illegally adopted, facially unconstitutional regulations.  There is no

reason to delay this case any further.

The neighbors respectfully ask this Court to proceed to a resolution of this case on

its merits and refrain from granting any additional stays of these proceedings.  This

Court's suggestion that defendants' attempt to delay this case indefinitely and avoid a

decision on the merits might "deprive [the neighbors] of their fair day in court" (Tr. at 5,

Sept. 28, 2006) was quite insightful.  The neighbors trust that this Court will allow them

their fair day in court so that their civil rights may be vindicated.   For, as this Court so

eloquently put it, "These are very serious issues. . . . No citizen in this City should have

to go through what these citizens went through."    The Building Code, both as amended

2

and as it existed when this case began, is facially unconstitutional and the government

has no legitimate interest in enforcing it against *anyone*. On the other hand, the

government represented that the emergency rulemaking had undergone review for legal

sufficiency.  (Tr. at 15, June 2, 2006).  There is no reason to delay this case any further.

    In light of the fact that no discovery need be taken, plaintiffs propose the following

schedule, which should accommodate the appellate briefing:

    a.  Plaintiffs' motion for Summary Judgment:  February 21, 2007

    b.  Defendants' Response Due:  March 5, 2007

    c.  Reply Due:  March 12, 2007.

        Respectfully submitted,

_____/s/_____
Christopher A. Mohr (D.C. Bar No. 458599)
Michael R. Klipper (D.C. Bar No. 166074)
David Ludwig (pro hac vice pending)
MEYER, KLIPPER & MOHR, PLLC
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 637-0850
Fax: (202) 637-0851