IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA GUSTITUS, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00814-EGS |
| ANTHONY WILLIAMS, ET AL. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' STATUS REPORT

### INTRODUCTION

In an act of sheer chutzpah, the District now brazenly says that it "voluntarily" dismissed the administrative actions that it pursued after it told this Court that the tickets were rescinded. The allegedly "voluntarily dismissed" administrative action issued on March 14th of *this year* (for tickets that it represented that it had rescinded over a year ago), and indicated that Mr. McBride's NOV for violating the sign code, along with an unknown number of others, was allegedly consolidated and referred to the District's Office of Administrative Law judges for further actions, despite the D.C.R.A.'s *full awareness of this case in the District Court*. On April 5, 2007, Judge Masulla held a teleconference, at which she agreed <u>at Mr. McBride's request</u> to stay any action against him pending resolution of this case. The Attorney General's office

at that time not only acknowledged the existence of this lawsuit, but made it unequivocally clear that it fully intended to pursue this matter against Mr. McBride if the appeal was resolved in its favor. After DCRA's position was brought to the attention to the Court of Appeals, however, the District miraculously changed its tune and "voluntarily" dismissed the action. The District's characterization of its conduct is at best highly misleading.

In addition, the District's mootness claim ignores a litany of Supreme Court precedent that is directly at odds with its position.[1] The amended complaint alleges a *facial* attack against the unconstitutionality of the permit scheme, a problem that was never cured. The regulations discriminate on the basis of content, and are facially unconstitutional. *See Cincinnati v. Discovery Network,* 507 U.S. 410, 429-430 (1993). The "government may impose reasonable restrictions on the time, place, or manner of engaging in protected speech *provided that they are adequately justified without reference to the content of the regulated speech.*" *Id.* at 428 (emphasis added). The permit requirement depends on a content-based judgment of whether or not the speech is commercial or non-commercial in nature. Indeed, Judge Randolph told the District that its amended regulation was, in fact, a content-discriminatory time, place and manner regulation, and that its legal position was "wrong."[2] Compare District filing at 2

---

[1] The court of appeals only ruled on irreparable injury, not on mootness.

[2] In addition, the permit scheme remains vague, and a facial attack on the discretion granted a decision-maker is not dependent on the facts surrounding any particular permit decision. *See Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 755-56 (1988) (also collecting cases). "It is not merely the sporadic abuse of power by the censor but the pervasive threat inherent in its very existence that constitutes the danger to freedom of discussion." *Thornhill v. Alabama*, 310 U.S. 88, 97 (1940). "Proof of an abuse of power in the particular case has never been deemed a requisite for attack on the constitutionality of a statute purporting to license the dissemnination of

(quoting regulation) with 507 U.S. at 428-30 (striking down city regulation on the basis of content discrimination).

With respect to the District's jurisdictional arguments, the Supreme Court has made clear, that the presence of *jurisdiction* turns on whether "the controversy was *capable* of repetition and not … whether the claimant has demonstrated that a recurrence of the dispute is more likely than not." *Honig v. Doe,* 484 U.S. 305, 318-19 n.6 (1988) (emphasis in original); *see also FOP,* 134 F. Supp. 2d at 43. In *Christian Knights of the Klu Klux Klan Invisible Empire v. District of Columbia,* 972 F.2d 365, 370 (D.C. Cir. 1992), the D.C. Circuit refused to apply the "capable of repetition" exception to resolve a challenge to a parade permit after the parade had already occurred, and even though the plaintiff had already received everything it asked for in the complaint. *Id. Christian Knights* did not involve a facial challenge, nor did the plaintiff in that case ever state that it would be marching again. *See id.* This case, in contrast, involves several facial challenges to the District's legislation. (*See* Compl. at 9, 13; *see also* Memo in Support at 18-20, 26-28, Compl. at 9.) . Here, the District has adopted verbatim as *permanent* regulations the emergency regulations the amended complaint alleged are unconstitutional. What occurred here is certain to repeat.

---

ideal." *Id.* "Recognizing the explicit protection accorded speech and the press in the text of the First Amendment, our cases have long held that when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." *Lakewood,* 486 U.S. at 755-56. If the Supreme Court allows First Amendment plaintiffs that have either not applied for permits, or who have alleged that their speech has been silenced to obtain declaratory and injunctive relief invalidating entire statutory schemes, the District cannot escape final injunctive relief via leaving a defective permit scheme intact, much less a vague, content-discriminatory and facially unconstitutional permit scheme. The District's repeated allegations that this is not a class action are legally irrelevant to this Court's jurisdiction, as the First Amendment permits plaintiffs to raise the speech rights of those not before the Court.

That said, as plaintiff's counsel discussed with defense counsel earlier, he just returned from several days' worth of travel to the office today, and is not certain of his clients' wishes. It will likely take some time for him to ascertain them because of the July 4th holiday, and it may well be that the areas of dispute can be narrowed to certain of the regulations and that certain of the claims can be dismissed voluntarily. Plaintiffs respectfully request that the District's order to show cause be denied, and that the parties be given 30 days to confer on the scope of remaining disputes.

Respectfully submitted,

On: June 27th, 2007    By: _____/s/_____
Christopher A. Mohr
D.C. Bar No. 458599

Meyer, Klipper & Mohr, PLLC
923 Fifteenth Street, NW
Washington, D.C. 20005
Voice: 202-637-0850
Fax: 202-637-0851