UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
LINDA GUSTITUS, ET AL.,                )
                                       )
            Plaintiffs,                )
                                       )
        v.                             ) Case No.  1:06-cv-00814-EGS-AK
                                       )
ANTHONY WILLIAMS, ET AL.               )
                                       )
            Defendants.                )
_____)

### DEFENDANTS' STATUS REPORT TO THE COURT

In anticipation of the parties' status report to the court, Defendants contacted Plaintiffs on two occasions last week to inquire as to whether Plaintiffs would be voluntarily dismissing their case based on the D.C. Circuit's decision affirming this Court's ruling denying Plaintiffs' motion for injunctive relief and the fact that the Sign Regulation at issue was amended and took effect on May 25, 2007.  Defendants learned late this afternoon that Plaintiffs are not yet certain what they plan to do next.  Defendants, on the other hand, believe that this court should issue an Order to Show Cause why this case should not be dismissed based on the following:

The DC Circuit affirmed this Court's refusal to grant injunctive relief.  The Court observed: "After litigation commenced, the District rescinded the notices of violation, stated plaintiffs committed no violations, promised not to enforce the contested provisions against plaintiffs, and amended the municipal regulations via emergency rulemaking to exclude non-commercial speech."  The Court concluded "In light of the

District's corrective actions, the district court reasonably found that the status quo of the litigation would be preserved without an injunction and that plaintiffs faced no imminent harm. Given those findings, the district court did not abuse its discretion when it denied plaintiffs' request for a preliminary injunction." Order of May 2, 2007.  (Exhibit A:  "Gustitus Decision MOJ")

Further, the permanent amendments to the Sign Regulation took effect on May 25, 2007, the date they were published in the DC Register.  The hearing requested by Plaintiff Andrew McBride at the Office of Administrative Hearings was voluntarily dismissed.  And, finally, Counsel for Plaintiffs acknowledged at the oral argument before the DC Circuit on April 13, 2007, in response to a direct question by Judge Randolph, that the property whose subdivision was the subject of the protest signs was sold as a single, non-subdivided, lot, thereby ending the particular controversy.

As explained in *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997):

> Although generally voluntary cessation of challenged activity does not moot a case, a court may conclude that voluntary cessation has rendered a case moot if the party urging mootness demonstrates that (1) "there is no reasonable expectation that the alleged violation will recur," and (2) "interim relief or events have completely or irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979) (internal quotations omitted).

Applying this test: (1) There is no reasonable expectation that the Sign Regulation will be enforced against plaintiffs for displaying their signs because it is undisputed that it is the unqualified position of the District that the notices of violation were issued in error, plaintiffs will not be served with notices of infraction or prosecuted or fined for

posting signs on their properties, and the Sign Regulation will not be enforced against plaintiffs. (2) The promulgation of clarifying amendments to the Sign Regulation dispels any doubt as to whether it applies to plaintiffs' signs by excluding from its scope "signs bearing non-commercial statements of fact, belief, or personal or political opinion posted on private property" and, thus, has "completely . . . eradicated the effects of the alleged violation."

## Conclusion

Given all of these events, Defendants suggest that a Show Cause Order should issue, or in the alternative, this Court should set a briefing schedule for dispositive motions.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/S/ Ellen A. Efros
Ellen A. Efros [250756]
Chief, Equity I

/S/ Martha J. Mullen
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
441 Fourth Street, NW, Sixth Floor South
Washington, D.C.  20001
 (202) 724-6612